IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-01735-CNS

ALI ALHADJE,

      Petitioner,

v.

ROBERT GUARDIAN, Denver Field Office Director ICE Enforcement and Removal Operations,

      Respondent.

---

**ORDER**

---

Before the Court is Petitioner's habeas application, ECF No. 1, and Respondent's response to it, ECF No. 15. The Court has also received Respondent's supplement, ECF No. 17, submitted following the Court's order requesting the same, ECF No. 16, and Petitioner's reply in support of the application, ECF No. 20. For the following reasons, the Court GRANTS IN PART and DENIES IN PART the application. In doing so, the Court presumes familiarity with this case's factual and procedural background.

## I.    SUMMARY FOR *PRO SE* PETITONER

You argue that your detention has become unconstitutionally prolonged and that therefore you are entitled to immediate release or, alternatively, a bond hearing. The Court concludes that neither immediate release nor a bond hearing is proper at this time. However, liberally construing your habeas application, you also contest Respondents'

1

process for removing you to Cameroon, a third country. Because Respondents' process for attempting to remove you to Cameroon has, so far, deprived you of adequate process, the Court grants your application, but only to the extent that the Court orders that you must receive a hearing to challenge your removal.

## II.   BACKGROUND

Petitioner previously filed a separate habeas action, in which the Court set forth this case's factual and procedural background prior to the filing of Petitioner's instant habeas petition. *See generally Alhadje v. Guadian*, No. 1:25-cv-04153-CNS, 2026 WL 783726 (D. Colo. Mar. 20, 2026). Accordingly, the Court recites only the facts necessary to resolve Petitioner's instant habeas application.

Petitioner is a native and citizen of Chad, and Respondents are attempting to remove Petitioner to alternative countries—i.e., third countries. *See, e.g.,* ECF No. 17 at 2. On June 22, 2025, ICE submitted requests for the acceptance of Petitioner to the consulate offices of Libya, Tanzania, and Lebanon. *See id.* at 3. On June 23, 2025, Libya declined to accept Petitioner. *See id.* As of May 28, 2025, ICE has not received responses from Tanzania and Lebanon. *See id.*

In light of this, ICE arranged Petitioner's flight to Equatorial Guinea—however, on January 20, 2026, Petitioner refused to board his flight that would ultimately have taken him there. *See id.* ICE has now arranged for Petitioner's removal to Cameroon and has received diplomatic assurances from Cameroon that "Petitioner will not be persecuted or tortured" there. *Id.*

2

### III.    DISCUSSION

Respondents' supplement helpfully distills the issues presented by this habeas action. The Court addresses them in turn, agreeing with Respondents to the extent that Petitioner is not entitled to immediate release, but disagreeing to the extent that Petitioner *is* entitled to receive a hearing in order to challenge his possible third country removal.

*First*, Respondents argue that Petitioner's challenge to their third-country removal procedures are "not cognizable in habeas," given that such a challenge is "not a challenge to Petitioner's detention." ECF No. 17 at 5. *Cf.* ECF No. 1 at 5. But at least one court in this judicial district has observed that, where a habeas petitioner "complies with the applicable procedural requirements . . . ordinarily he may assert such a claim in the same filing with his habeas claims." *Pacheco v. Baltazar*, No. 26-cv-01176-PAB, 2026 WL 1223414, at *3 (D. Colo. May 5, 2026) (citing *Whitmore v. Parker*, 484 F. App'x 227, 240 (10th Cir. 2012) (unpublished)). "This," *Pacheco* reasoned, "support[ed] the proposition that a petitioner may file a civil claim alongside a habeas petition." *Id.* The Court agrees with *Pacheco.* Accordingly, the Court likewise will consider [Petitioner's] claim that he cannot be removed to a third country without being provided notice and an opportunity to be heard." *Id.* (citation modified).

*Second*, Respondents argue that Petitioner has already received "adequate process because Cameroon has provided credible assurances" that he will not be persecuted or tortured, ECF No. 17 at 6, and moreover that the nature of Petitioner's immigration status does not entitle him to any additional process, *see id.* at 7 ("As an alien who has never been admitted, Petitioner has received the process to which he is

entitled."). This first argument attends the propriety of removal to a specific third country—not the constitutional adequacy of the process that Petitioner receives prior to such removal.[1] And Respondents' recitation of broad, separation-of-power principles fail to persuade—particularly where the Court is not "questioning" or "second guessing" whether Cameroon will or won't persecute Petitioner, but is instead asking whether Petitioner has received sufficient process prior to his possible removal to Cameroon, regardless of such assurances. *See* ECF No. 17 at 7.

Therefore, the Court turns to the second, and more salient, argument that Respondents advance as to why Petitioner should be denied a hearing prior to his possible third country removal: that he has already received the process to which he is entitled, given that he was never inspected and admitted, or paroled, into the United States. *See id.*

As to whether Petitioner is entitled to a *bond* hearing, this argument is somewhat persuasive. After all, Respondents represent that they have detained Petitioner pursuant to 8 U.S.C. § 1231(b) and 8 U.S.C. § 1225(b)(1). *See generally* ECF No. 15-1. But the Court need not resolve this issue as a legal matter, because regardless, as noted in its prior order, Petitioner was his own impediment to removal, and thus his "acknowledged refusal to board the flight to Louisiana [en route to Equatorial Guinea] does not raise the specter of indefinite detention that might otherwise give rise to a valid habeas claim."

---

[1] Separately, Respondents fail to persuade that the authority they cite in support of this proposition—DHS's "Guidance Regarding Third Country Removals"—binds the Court in its analysis of this issue. *See generally* ECF No. 15-2. *See also* ECF No. 17 at 7 ("[Petitioner] can be removed under *DHS policy*." (emphasis added)).

*Alhadje*, 2026 WL 783726, at *1. Accordingly, as for immediate release or a *bond* hearing, on the current record Petitioner has no entitlement to either.

But Petitioner also seeks a hearing as to his third country removal. *See, e.g.,* ECF No. 20 at 1. The statutory authorities that Respondents identify and under which they represent that they have detained Petitioner do not speak to, nor do they limit, Petitioner's entitlement to process as it attends a hearing prior to third country removal. Put differently, a statutory regime that concerns—or limits—bond hearings for *release* pending removal does not control a scenario, such as the one the instant application presents, where a petitioner seeks a hearing to challenge his removal to a *third country.* These are distinct legal issues, and the Court declines to read the authorities that Respondents cite, which concern § 1225 and § 1226 *bond hearings*, as controlling Petitioner's request for a hearing and process prior to his potential third country removal. *Cf., e.g.,* ECF No. 17 at 9; *Richards v. Choate*, No. 1:25-cv-03134-DDD-STV, 2025 WL 4474703, at *5 (D. Colo. Dec. 5, 2025) ("[I]n light of *Jennings* and the Tenth Circuit's treatment of *Mezei* in pre-*Jennings* cases, procedural due process does not afford inadmissible arriving aliens subject to prolonged detention a *right to release or a bond hearing* prior to the conclusion of removal proceedings." (citation modified)).

*Third*, Respondents argue that Petitioner is a member of the *D.V.D.* class and therefore he "cannot separately challenge third-country removal procedures." ECF No. 17 at 10. *Pacheco* rejected virtually the same argument. *See* 2026 WL 1223414, at *3 n.4. In doing so, *Pacheco* reasoned:

> [T]he [*D.V.D.*] class action has not conclusively addressed whether petitioner is entitled to notice and a meaningful opportunity to present fear-

based claims before being removed to a third country. For this reason, numerous courts "have issued injunctive relief requiring identical, or substantially similar, third-country removal procedures as those articulated in the D.V.D. preliminary injunction." *A.A.M. v. Andrews*, 2025 WL 3485219, at *6 (E.D. Cal. Dec. 4, 2025) (collecting cases). The Court finds that a Colorado petitioner should not have to wait on a Massachusetts class action to possibly obtain relief, and will thus allow petitioner to bring this claim.

*Id.*

The Court again finds *Pacheco*'s reasoning persuasive.[2] Accordingly, the Court rejects Respondents' argument that the ongoing *D.V.D.* litigation bars Petitioner's ability to challenge his possible removal at a hearing prior to such possible removal. *Cf.* ECF No. 17 at 12. Liberally construing his application, Petitioner is correct in arguing that *D.V.D.* does not preclude him from "assert[ing] a fear-base[d] claim" regarding his removal. ECF No. 20 at 1.

## IV.    CONCLUSION

Consistent with the above analysis, the Court GRANTS IN PART and DENIES IN PART Petitioner's habeas application, ECF No. 1. The Court GRANTS IN PART the application to the extent that Petitioner seeks a hearing to challenge his possible third country removal to Cameroon. The Court DENIES IN PART the application to the extent that Petitioner seeks immediate release or, in the alternative, a bond hearing.

Respondents are ORDERED to provide Petitioner with notice and an opportunity to challenge his removal in the form of a hearing before an immigration judge prior to his possible removal to Cameroon or any other third country they may subsequently identify.

---

[2] The Court likewise agrees with *Pacheco* as to the appropriate remedy and process to which Petitioner is entitled. *See* 2026 WL 1223414, at *4. The Court sets forth this remedy, with slight modifications, below. *See also A.A.M. v. Andrews*, 815 F. Supp. 3d 1124, 1142 (E.D. Cal. 2025).

Notice for such a hearing must be preceded by written notice to Petitioner in a language or languages that he can understand. Following notice, Petitioner must be given a meaningful opportunity, and a minimum of ten days, to raise a fear-based claim in the form of a hearing before an immigration judge prior to his possible removal. Such hearing must be constitutionally adequate and comply with due process.

Respondents SHALL FILE a status report within FIVE DAYS of such a hearing.

DATED this 10th day of June 2026.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge